UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>ESEQUIEL QUESADA GARCIA,<br><br>Petitioner. | No. 2:02-cr-519-KJM-EFB P<br><br><br><br>ORDER |
|---|---|

Petitioner, a federal prisoner proceeding *pro se*, has moved to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. He asks this court to determine whether *Johnson v. United States*, 135 S. Ct. 2551 (2015), entitles him to sentencing relief. Pet., ECF No. 230, at 1-2. The government argues this court should dismiss the petition as an unauthorized successive motion. Mot., ECF No. 234, at 3.

The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On April 24, 2018, the magistrate judge issued findings and recommendations ("Findings') concluding the petition is successive and should be dismissed for lack of jurisdiction. Findings, ECF No. 235. Neither party objected despite being provided the opportunity. Although the Findings served on petitioner were returned as undeliverable, ECF No. 236, petitioner is responsible for apprising the court of any changes in his address and has not done so. L.R. 182(f).

1

In reviewing the Findings, the court presumes all factual findings are correct but analyzes the legal issues *de novo*. *Britt v. Simi Valley Unif. Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983); *Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979).

I. DISCUSSION

Upon careful review, the court finds the magistrate judge's recommendation to dismiss movant's petition as successive is supported by the record and by the proper analysis.

The magistrate judge correctly rejected movant's argument that his petition is non-successive because it relies on a "new" Supreme Court rule articulated in *Johnson* that was unavailable when he raised his prior § 2255 motions. *See* Pet. at 1-2; *see also* Former Petition, ECF No. 155 (2008); Former Petition Denial, ECF No. 213 (2012). In so doing, the magistrate judge explains movant's "inability to raise his *Johnson* claim in his first petition speaks only to whether a successive motion should be certified by the Ninth Circuit; it does not exempt him from the certification requirement altogether." Findings at 3-4. Indeed, the certification provision contemplates this type of successive claim. *See* 28 U.S.C. § 2255(h) (successive § 2255 motions "must be certified . . . by a panel of the appropriate court of appeals to contain . . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court"); *see also United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011) ("A petitioner . . . may not bring a second or successive [§ 2255] motion unless it meets the exacting standards of 28 U.S.C. § 2255(h).") (quotations omitted).

In reaching this conclusion, the magistrate judge mischaracterizes the holding in *Leal Garcia v. Quarterman*, 573 F.3d 214 (5th Cir. 2009). *See* Findings at 4. *Garcia* articulated the difference between a successive petition, which requires certification, and a non-successive petition, which does not. As relevant here, *Garcia* categorized as successive those habeas petitions that challenge the same conviction or sentence as challenged by an earlier petition, even if the subsequent petition is based on a right recognized by the Supreme Court after the first petition was decided. *Garcia*, 573 F.3d at 221-22 (examining separate habeas statute, § 2244(b)(2), which contains an identical definition of "successive"). *Garcia* contrasts these successive petitions with "non-successive" second petitions. As relevant here, for instance, non-

2

successive petitions attack different aspects of the conviction than those attacked in the first petition, or derive directly from "defects" that arose during the first habeas proceeding. *Id.* at 222. These non-successive petitions need not be certified. *Id.*

In referencing *Garcia*'s helpful distinction, the Findings state that *Garcia* "declin[ed] to hold a habeas petition non-successive where it rested on a new rule of constitutional law decided after the petitioner's first petition was adjudicated." Findings at 4. But the panel in *Garcia* instead ultimately concluded the "second habeas petition was non-successive" and therefore did not require certification. *Garcia*, 573 F.3d at 224. The court deemed the petition non-successive because it centered on a "defect that arose . . . after [the] conviction." *Id.* at 224. The petitioner in *Garcia* ultimately could not proceed, however, because an intervening Supreme Court case had further modified the law so as to deprive him of his claim by the time the appellate court decided his case. *Id.* at 224.

Because the petition here raises no allegation based on a defect arising after conviction, the distinction is irrelevant. The Findings' reference to *Garcia* nonetheless remains relevant: "Newly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are *successive* . . . . Indeed, this is the reason why authorization is needed to obtain review of a successive petition"; a contrary reading would permit "an end-run around" the statute. *Id.* at 221 (original emphasis); *see also* Findings at 4 (relying on this principle).

The Findings correctly conclude that movant's petition is successive and *Garcia*'s analytical framework supports this conclusion.

II.     CONCLUSION

For the reasons explained above, movant's citation to *Johnson v. United States*, 135 S. Ct. 2551 (2015), does not relieve him of the requirement to obtain a certification from the Ninth Circuit to maintain this petition.   IT IS HEREBY ORDERED that:

1. The Findings (ECF No. 235) are ADOPTED except for lines 5-7 on page 4;

2. Movant's 28 U.S.C. § 2255 petition (ECF No. 230) is DENIED without prejudice;

3. The Clerk is DIRECTED to mail movant a copy of Ninth Circuit Rule 22-3 and the Ninth Circuit Court of Appeals Form 12 - Application for Leave to File Second or Successive

3

1 | Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255; and

2 |     3. The Clerk of the Court is DIRECTED to close the companion civil case, No. 2:16-cv-1815-KJM-EFB P.

DATED: August 1, 2018.

_____
UNITED STATES DISTRICT JUDGE